**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0995-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

THOMAS NEVIUS,

    Defendant-Appellant.

_____

Submitted April 8, 2024 – Decided April 26, 2024

Before Judges DeAlmeida and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 04-10-0985.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Andrew Robert Burroughs, Designated Counsel, on the brief).

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Stephen Christopher Sayer, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Thomas Nevius appeals from the October 7, 2022 order of the Law Division dismissing his second petition for post-conviction relief (PCR) as content and time barred. We affirm.

I.

Following a jury trial in which he represented himself without assistance of counsel, defendant was convicted of murder, felony murder, second-degree burglary, and third-degree conspiracy to commit burglary. In April 2008, he was sentenced to an aggregate prison term of sixty-five years, subject to the No Early Release Act (NERA). N.J.S.A. 2C:43-7.2.

In short, the jury found that defendant killed Ruth Walker, a fifty-two-year-old woman who lived alone in an apartment in Vineland. When checking on her, Ms. Walker's relatives discovered her lifeless body in a bedroom of the ransacked apartment. Police detectives determined Ms. Walker was stabbed with a sharp object and strangled with a blood-stained XXXL T-shirt found near the body, both injuries causing her death. From this evidence, detectives discerned at least two individuals committed the homicide. They noticed the T-shirt used to strangle the victim was distinct in size and that its sleeves were scissored off. Together with DNA evidence and a matching palm print found in

the victim's bedroom, police linked the sleeveless XXXL T-shirt to another identically sized and tailored T-shirt they retrieved from defendant's home under authority of a search warrant.

As part of his defense, defendant claimed that another individual, William Boston, provided a statement to police implicating himself in the homicide along with a third party, Tyrone Beals. The trial judge excluded Boston's statement, finding it did not satisfy the strictures of N.J.R.E. 803(c)(25) as an admission against penal interest.

On direct appeal, we affirmed the conviction and sentence. State v. Nevius, 426 N.J. Super. 379 (App. Div. 2012). Writing for our court, Judge Parrillo held that Boston's statement was not "truly self-inculpatory as to the declarant." Id. at 394. We further concluded that Boston's written statement was ultimately self-serving and allowed "too much opportunity for contrivance to warrant admission." Ibid. (quoting State v. Gomez, 246 N.J. Super. 209, 215-216 (App. Div. 1991)). As such, we held that barring the statement under N.J.R.E. 803(c)(25) "did not deprive defendant of a fair trial." Id. at 397. The Supreme Court denied certification. State v. Nevius, 213 N.J. 568 (2013).

In 2013, defendant filed a petition for PCR. The PCR court denied the petition without an evidentiary hearing and subsequently denied defendant's

A-0995-22

motion for reconsideration. We affirmed. State v. Nevius, No. A-3982-14 (App. Div. Feb. 14, 2017). The Supreme Court denied certification. State v. Nevius, 230 N.J. 367 (2017).

In 2017, defendant filed a habeas corpus petition pursuant to 28 U.S.C.A. § 2254. The District Court denied the petition. Nevius v. Attorney General, No. Civ. 17-4587 (NLH) (Dec. 11, 2019). The Third Circuit affirmed. Nevius v. Attorney General, No. 20-1074 (June 16, 2020). The Supreme Court denied certiorari. Nevius v. Grewal, 141 S. Ct. 1703 (2021).

On December 21, 2021, nearly five years after our affirmance of the denial of defendant's first PCR petition, defendant filed a second PCR petition advancing the following arguments.

POINT I

THE NEW JERSEY SUPREME COURT'S RECENT DECISION IN STATE V. HANNAH MAKES IT CLEAR THAT [THE] TRIAL COURT MISINTERPRETED N.J.R.E. 803(C)(25) IN VARIOUS WAYS[:] (1) THE COURT DID NOT HAVE THE STATUTORY AUTHORITY TO DETERMINE THE TRUSTWORTHINESS OF CO-DEFENDANT WILLIAM BOSTON'S STATEMENT AGAINST INTEREST[;] (2) THE COURT ERRONEOUSLY REQUIRED THE DEFENDANT TO PROVE CO-DEFENDANT TO BE UNAVAILABLE AS A PREREQUISITE FOR THE ADMISSION OF HIS STATEMENT.

4

POINT II

THE COURT VIOLATED PETITIONER'S CONSTITUTIONAL RIGHTS TO PRESENT A COMPLETE DEFENSE WHEN IT WRONGLY INTERPRETED N.J.R.E. 803(C)(25) TO REQUIRE DEFENDANT TO SHOW THAT HIS CO-DEFENDANT WILLIAM BOSTON WAS "UNAVAILABLE" AS A WITNESS AND HIS STATEMENT TO PASS A NON-EXISTENT "TRUSTWORTHINESS" TEST AS A PREREQUISITE FOR THE ADMISSION OF HIS STATEMENT AGAINST INTEREST[,] THEREBY EXCLUDED CO-DEFENDANT WILLIAM BOSTON'S STATEMENT (AGAINST INTEREST) [SIC] ADMITTING HIS OWN INVOLVEMENT IN THE CRIME AND NAMING TYRONE BEALS AS HIS ACCOMPLICE.

Counsel was appointed to assist defendant and the PCR court directed appointed counsel to brief whether defendant's second PCR petition was time-barred pursuant R. 3:22-4(b) and R. 3:22-12(a)(2). Counsel for defendant submitted a letter brief urging that "[a]ny procedural bars should be relaxed to correct a fundamental injustice." In opposition, the State maintained that defendant's second petition was time-barred.

In a written opinion issued on October 7, 2022, Judge Smith denied defendant's second PCR petition. The court held that the petition was barred by the one-year limitation under R. 3:22-4(b) and R. 3:22-12(a)(2). He noted that

A-0995-22

even where our Rules provide for relaxation of time limitations, R. 1:3-4 prohibits the court from enlarging the time frames for PCR petitions governed by R. 3:22-12 (a)(2). The judge found that the one-year time limitation started to run on February 23, 2015, the date on which defendant's first PCR was denied.[1] He further found that there was no allegation of ineffective assistance of counsel for the first PCR petition, no new constitutional right was asserted, and no new evidence or factual predicate was claimed to be discovered. Therefore, there was no basis for enlargement of the one-year time limitation. R. 3:22-12(a)(2); R. 3:22-12(a)(2)(A); R. 3:22-12(a)(2)(B); R. 3:22-12(a)(2)(C).

Finally, Judge Smith rejected defendant's reliance on State v. Hannah, 248 N.J. 148 (2021), as ground to relax the one-year time limitation because the Hannah Court did not establish a new constitutional right. He noted that this court's holding as to inadmissibility of evidence under N.J.R.E. 803(c)(25) amounted to a prior conclusive adjudication on the merits. R. 3:22-5. An October 7, 2022 order memorializes the trial court's decision.

This appeal followed. Defendant raises the following arguments.

---

[1] We observe that this date is a mistake. Defendant's first PCR was denied on February 2, 2015. This error is immaterial to the trial court's decision, as the second petition was filed more than a year after February 2, 2015.

POINT I

THE SECOND PCR COURT ERRED WHEN IT DENIED DEFENDANT THE OPPORTUNITY TO SUBMIT A MERITS BRIEF IN SUPPORT OF HIS SECOND PCR CLAIMS.

POINT II

AS DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF SECOND PCR COUNSEL, A REMAND IS REQUIRED WHERE DEFENDANT CAN BE ASSIGNED COMPETENT PCR COUNSEL.

POINT III

FUNDAMENTAL FAIRNESS AND FAIR PLAY REQUIRES RELAXATION OF ANY PROCEDURAL BARS AND REMAND FOR ASSIGNMENT OF COMPETENT PCR COUNSEL. (Not raised below)

In a supplemental self-represented brief, defendant raises an additional argument.

THE PCR COURT ERRED WHEN IT DID NOT CONSIDER APPELLANT'S PRO SE FILINGS [AND] INSTEAD ACCEPTED COUNSEL'S EIGHT PAGE LETTER AS THE FILING THEN TIME BARRED AND DISMISSED APPELLANT'S SECOND POST CONVICTION RELIEF PETITION[,] WHICH MOST CERTAINLY SATISFIED R. 3:22-12(B) AS IT IS BASED ON A NEWLY DECIDED DECISION IN STATE V. HANNAH, 248 N.J. 148 (2021) [AS WELL AS] LOWER COURT[']S MISINTERPRETING N.J.R.E. 803(C)25 STATEMENTS AGAINST PENAL INTEREST.

## II.

Because there was no evidentiary hearing, we review de novo the trial court's legal conclusion that defendant's second PCR petition is barred by R. 3:22-4 and R. 3:22-12(a)(2).  State v. Harris, 181 N.J. 391, 419 (2004); State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020).  A PCR court's decision to proceed without an evidentiary hearing is reviewed for abuse of discretion.  State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013).

We begin with the PCR court's legal conclusion that defendant's second PCR petition was untimely filed.  Rule 3:22-2 provides that a petition for post-conviction relief is cognizable if based on the following grounds:  (a) substantial denial in the conviction proceedings of defendant's rights under the Federal or State Constitution; (b) lack of jurisdiction to impose the judgment; (c) imposition of sentence in excess of or otherwise not in accordance with the sentence authorized by law if raised together with other grounds cognizable under paragraph (a), (b), or (d) of this rule; (d) any ground previously available as a basis for collateral attack upon a conviction by habeas corpus or any other common-law or statutory remedy; and (e) a claim of ineffective assistance of counsel based on trial counsel's failure to file a direct appeal of the judgment of conviction and sentence upon defendant's timely request.

A-0995-22

"A petitioner is generally barred from presenting a claim on PCR that could have been raised at trial or on direct appeal, R. 3:22-4(a), or that has been previously litigated, R. 3:22-5." State v. Nash, 212 N.J. 518, 546 (2013). See R. 3:22-4. "[P]ost-conviction relief is not a substitute for direct appeal; nor is it an opportunity to relitigate a case on the merits." State v. Szemple, 247 N.J. 82, 97 (2021).

A second or subsequent PCR petition must be filed within one year after the latest of: "(A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or (C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged." R. 3-22:12(a)(2). The time limitations "shall not be relaxed," except as provided in Rule 3-22:12(b). State v. Marolda, 471 N.J. Super. 49, 62 (App. Div. 2022).

Second PCR counsel did not argue that defendant is entitled to relief based on any of the foregoing subsections. Rather, conceding defendant was otherwise time barred but relying on Hannah, counsel argued that "any procedural bar should be relaxed to correct a fundamental injustice." Our review of Hannah reveals that the Court did not establish a new constitutional rule or right. Instead, the Court was faced with applying an evidentiary rule in a scenario entirely unlike that presented here. In Hannah, the Court held that trial counsel was ineffective in not seeking admission of compelling evidence presented via the second PCR petition in the form of a statement made against penal interest. The Court determined that this evidence would have buttressed Hannah's third-party-guilt defense to a degree that the outcome of the trial might well have been different. In support, the Court favorably cited our 2012 opinion's interpretation of N.J.R.E. 803(c)(25). State v. Hannah. 248 N.J. at 183-184 (quoting State v. Nevius, 426 N.J. Super. 379, 394 (App. Div. 2012)). It is equally apparent that no new factual predicate has been discovered.

We also concur with Judge Smith's observation that no claim of ineffective assistance of counsel was raised in defendant's second PCR. Thus, strictures of R. 3:22-12(a)(2)(A), R. 3:22-12(a)(2)(B), R. 3:22-12(a)(2)(C) have not been met. Moreover, because in our rulings of 2012 and 2017 we

10

adjudicated the merits of the very rule of evidence that defendant now seeks to raise again, the final potentional avenue of review is foreclosed pursuant to R. 3:22-5, which provides:

> A prior adjudication upon the merits of any ground for relief is conclusive[,] whether made in the proceedings resulting in the conviction[,] or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings.

This leaves for our consideration appellate PCR's counsel's arguments. The first point concerns the second PCR court's purported error in denying defendant the opportunity to submit a merits brief. We are satisfied that the merits of defendant's position were duly considered by the foregoing analysis. Defendant points to nothing substantive in his pro se or counseled submissions that this court has not considered. The same holds true for appellate counsel's third point, which calls for a relaxation of procedural bars in the interest of "fundamental fairness" and "fair play," seeking a remand for appointment of a new PCR counsel. We have reviewed and reject the possibility of any rule relaxation. Appellant counsel's second and supplemental points allege ineffectiveness of second PCR counsel. Those claims would by necessity have to be raised in a third PCR petition.

11

To the extent we have not addressed any other arguments, we are satisfied they are without sufficient merit to warrant further discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0995-22